# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 09-41138 |
| | ) | |
| DOLL & DOLL MOTOR COMPANY, | ) | CHAPTER 11 |
| d/b/a Rob Doll Nissan, | ) | |
| | ) | JUDGE LANEY |
| Debtor. | ) | |

**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR AUTHORITY TO PAY PRE-PETITION (A) WAGES AND SALARIES, EMPLOYEE BUSINESS EXPENSES, AND OTHER EMPLOYEE BENEFITS, (B) CERTAIN WITHHOLDING AND OTHER TAXES, AND (C) OTHER NECESSARY EXPENSES**

In support of its Emergency Motion for Authority to Pay Pre-petition (A) Wages and Salaries, Employee Business Expenses and Other Employee Benefits, (B) Certain Withholding and Other Taxes, and (C) Other Necessary Expenses (the "Motion"), DOLL & DOLL MOTOR COMPANY, d/b/a Rob Doll Nissan ("Debtor") states as follows:

1.

On September 17, 2009 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and has continued in the management and operation of its business and property as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2.

The Debtor is an automobile dealership specializing in the sale of Nissan vehicles. The Debtor is located in Columbus, Georgia and employs approximately 25 persons in its operation. Debtor is obligated under different salary and wage structures, insurance plans and other programs designed to provide benefits for its employees. The continued services of its employees and contractors are vital to Debtor's continuing operations and its ultimate ability to reorganize in this Chapter 11 case.

3.

As noted above, as of the Petition Date the Debtor had approximately 25 employees, virtually all of whom were owed, or had accrued in their favor, various sums for (i) wages, salaries, commissions and/or other compensation (ii) reimbursement of employee business expenses and/or (iii) other employee benefits, including, without limitations, those due to or for the benefit of the employees under the Debtor's health plans (collectively "Compensation"). Said Compensation was due and owing on the Petition Date by reason of, *inter alia*:

    (a)    the Chapter 11 Petition was filed during Debtor's regular salary payroll period, as well as during Debtor's regular reimbursement cycle for employee business expenses;

    (b)    employees have not yet been paid all their compensation for services previously rendered to Debtor or been reimbursed for all business expenses previously advanced and paid by them on behalf of Debtor; and

    (c)    certain employee benefits related to pre-petition services have not yet been paid to or for the benefit of the employees as such benefits, while accrued, were not payable but will become payable in the ordinary course of business in the immediate future.

4.

In addition to the foregoing, there are existing policies and procedures, consistent with past practices of the Debtor and industry standards generally, regarding employees which constitute, for all intents and purposes, additional compensation and benefits which the Debtor is obligated or desires to maintain. More specifically, these are as follows:

(a) The Debtor provides health insurance coverage to certain of its employees. As of the Petition Date, the Debtor was obligated to make payments for premiums on group health insurance policies relating to the coverage provided as part of the Debtor's normal benefits. In order to maintain normal group coverage for the benefit of those employees, the Debtor must be able to pay all of these premiums.

(b) Moreover, to the extent deductions were made from the employees' wages and salaries prior to the Petition Date for volunteer benefits, the Debtor proposes to apply or deliver such deducted sums, which represent property of the employees, for such purposes as wage and salary check-offs and deductions.

5.

Debtor believes that the total Compensation due and owing by Debtor to a particular employee consisting of salaries, wages and commissions will not exceed the $10,950.00 priority limitation under Section 507(a)(4)(A) of the Bankruptcy Code.

6.

Any delay in paying the Compensation will severely disrupt Debtor's relationship with its employees and irreparably impair employee morale at the very time when the employees' dedication, confidence and cooperation are most critical. Debtor must continue its corporate policy of permitting certain of its employees to incur business-related expenses and thereafter to seek reimbursement thereof by submitting appropriate invoices or vouchers evidencing out-of-pocket disbursements. Were the relief requested not to be granted, the employees would suffer hardship and, in many instances, financial difficulties, since these monies are needed as due to enable them to meet their own personal obligations.

7.

Debtor seeks authorization to pay the following pre-petition expenses as and when they become payable:

(a) wages, salaries, commissions and other compensation, and all federal, state and local payroll-related taxes, deductions and withholdings pertaining to such payments, accrued within one hundred eighty (180) days of the Petition Date;

(b) reimbursement for out-of-pocket business-related expenses incurred by an employee prior to the Petition Date;

(c) payment of accrued but unpaid employee benefits related to pre-petition services;

(d) payment of premiums for health insurance coverage in the ordinary course of business; and

(e) payment of amounts deducted from the employees' wages and salaries prior to the Petition Date for volunteer benefits as of the Petition Date.

8.

A schedule of the estimated pre-petition amounts for salary and wages, expense reimbursement and benefits which the Debtor seeks authority to pay immediately shall be provided at or before a hearing on this matter. Debtor estimates that salary, wages and expense reimbursements for this payroll cycle will be approximately $11,000.00 and related taxes will total approximately $4,000.00. Only one day of this payroll cycle is prior to the Petition Date.

9.

In addition to the foregoing items, as of the Petition Date certain withholding, sales and property taxes were owed but unpaid by the Debtor (the "Pre-Petition Taxes"). Most, if not all, of these Pre-Petition Taxes unpaid as of the Petition Date were for periods immediately prior to the

Petition Date and (a) they were accrued but not yet due and payable, or (b) checks had been delivered to the appropriate taxing authorities which had not yet cleared as of the Petition Date.

10.

It is well settled that a bankruptcy court may authorize the payment of pre-petition obligations when necessary. Payment of pre-petition obligations is rooted in the "necessity of payment" doctrine, first enunciated by the Supreme Court in *Miltenberger v. Logansport, C. & S.W.R. Co*., 106 U.S. 286 (1882). Under the necessity doctrine, a bankruptcy court may use its Section 105 equitable powers to permit a debtor-in-possession to pay pre-petition claims when payment is necessary to effectuate a successful reorganizatio*n. See In re Lehigh & New England Ry. Co*., 657 F.2d 570, 581 (3d Cir. 1981); *In re Penn Central Transp. Co*., 467 100, 102 (3d Cir. 1972); *In re Gulf Air, Inc.,* 112 B.R. 152, 153 (Bankr. W.D. La.1989); *In re Ionosphere Clubs, Inc*., 98 B.R. 174 (Bankr. S.D.N.Y. 1989).

11.

Without question, the "necessity of payment" doctrine is applicable here. In order to maintain the continuity of its business and to preserve the morale of the continuing labor force, it is essential that Debtor be permitted to pay to the employees the Compensation which has accrued but remains unpaid as set forth herein. The employees are being asked to apply their time and energies to the reorganization effort with even greater vigor than in the normal course. It is clearly in the best interests of Debtor and its creditors that approval of the payments sought herein be made so as to preserve the viability of Debtor's ongoing business.

12.

Payment of Compensation and Pre-Petition Taxes as requested will not impair or impede the payment of ongoing costs of administration incurred by Debtor. Authorization of such payments by this Court shall not be deemed to constitute a post-petition assumption or adoption of any policy, plan or program. The Debtor is in the process of reviewing these matters and reserves all of its rights under the Bankruptcy Code with respect thereto.

13.

Many of Debtor's employees have indicated that they may quit working for Debtor in the very near future if they are not paid all Compensation owed. Under these exigent circumstances, Debtor requests that the Court hear this Motion on an emergency basis.

This 22nd day of September, 2009.

Respectfully submitted,

SCROGGINS & WILLIAMSON

  /s/ Ashley R. Ray
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
ASHLEY REYNOLDS RAY
Georgia Bar No.601559
Counsel for the Debtor

1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
(404) 893-3880